IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Marvel Technology (China) Co., Limited. | ) ) ) |
| Plaintiff, | ) ) Case No. 1:24-cv-05280 |
| v. | ) ) Judge John F. Kness |
| The Partnerships and Unincorporated Associations Identified on Schedule A Defendants. | ) Magis. Judge Maria Valdez ) ) ) |

**DEFENDANTS' MOTION TO UNSEAL DOCUMENTS**

Defendant stores Sabeeney (#130), ACHHA TECHNOLOGY INC (#133), FTY360 (#142), SX LLC (#163), FASHINN360 (#381), TOPS Tech (#382), Shenzhen Vanplex Co., Ltd. (#165, #173), Shenzhen Hywinlife Co., Ltd (#166), Shenzhen Rossmine Co., Ltd. (#167), Shenzhen WiViTouch Technology Co., Ltd. (#168, #186), Shenzhen Fantasy View Technology Co., Ltd. (#169–#170, #183), Chengdu Tops Technology Co., Ltd. (#181), Shenzhen Furmores Technology Co., Ltd (#185), Shenzhen SeenTok Co, Ltd (#192), Furmores Official Store (#307–#311), HYWINLIFE Official Store (#322–#332), Rossmine Official Store (#339–#347), Evegogo Store (#351–#358), and Vanplex Photo Booth Store (#362–#364) (hereinafter "Moving Defendants"), by and through its undersigned counsel, respectfully requests this Court unseal the case record. In support, states as follow:

1. On June 25, 2024, Plaintiff filed a complaint alleging patent infringement. [Dkt. #1].

2. Plaintiff concurrently moved to file certain documents under seal, including Schedule A and supporting materials, citing the need to protect the integrity of an ex parte TRO [Dkt. #12].

3. In the Motion, Plaintiff acknowledged that "Once the temporary restraining order has been served on the relevant parties and the requested actions are taken, Plaintiff will move to unseal the above documents." *Id.*

4. On December 2, 2024, the Court granted Plaintiff's motion for a TRO under seal, imposing asset freezes and other injunctive relief. [Dkt. #21].

5. On January 23, 2025, Plaintiff filed proof of service, demonstrating that the TRO had been served on Defendants. [Dkt. #30].

6. It does not appear that Plaintiff has moved to unseal the documents.

7. On January 27, 2025, Moving Defendants jointly filed a motion to set a briefing schedule. [Dkt. #33].

8. The original justification for sealing—to prevent Defendants from concealing assets or evading service—is no longer applicable. Defendants have been served, their accounts are frozen, and they are actively engaged in this litigation.

9. Continued sealing of the case record impedes Defendants' ability to effectively prepare their defenses by denying access to critical case materials.

WHEREFORE, Moving Defendants respectfully request that this Court direct the Clerk's Office to unseal the case record in its entirety to ensure a fair and transparent judicial process.

Dated: January 27, 2025

Respectfully Submitted,
/s/ Benjamin Solter
Benjamin Solter
Cross-Border Counselor LLP
Suite 1167, 7755 Center Ave,
Huntington Beach, CA 92647
Direct Telephone No.: (781) 752-6369
bsolter@cbcounselor.com

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a true and correct copy of the foregoing Memorandum was electronically filed with the Clerk of the Court and served on all counsel of record and interested parties via the CM/ECF system on January 27, 2025.

*/s/ Benjamin Solter*
Benjamin Solter