## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Marvel Technology (China) Co., Limited, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 24-CV-05280 |
| v. | ) ) | Judge John F. Kness |
| The Partnerships and Unincorporated Associations Identified on Schedule A, | ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S PRELIMINARY INJUNCTION**

Defendant stores Sabeeney (#130), ACHHA TECHNOLOGY INC (#133), FTY360 (#142), SX LLC (#163), FASHINN360 (#381), TOPS Tech (#382), Shenzhen Vanplex Co., Ltd. (#165, #173), Shenzhen Hywinlife Co., Ltd (#166), Shenzhen Rossmine Co., Ltd. (#167), Shenzhen WiViTouch Technology Co., Ltd. (#168, #186), Shenzhen Fantasy View Technology Co., Ltd. (#169–#170, #183), Chengdu Tops Technology Co., Ltd. (#181), Shenzhen Furmores Technology Co., Ltd (#185), Shenzhen SeenTok Co, Ltd (#192), Furmores Official Store (#307–#311), HYWINLIFE Official Store (#322–#332), Rossmine Official Store (#339–#347), Evegogo Store (#351–#358), and Vanplex Photo Booth Store (#362–#364) (hereinafter "Participating Defendants"), by and through its undersigned counsel, respectfully request this Court to deny Plaintiff's Preliminary Injunction Request.

**INTRODUCTION**

Patent disputes often involve complicated issues of claim interpretation or in-depth analysis of prior art, but sometimes they turn on a single pithy phrase. One of those phrases, going back to

until at least 1889, applies to this case and can be used to resolve it: "That which infringes, if later, would anticipate, if earlier." *Peters v. Active Mfg. Co.,* 129 U.S. 530, 537, 9 S. Ct. 389, 392, 32 L. Ed. 738 (1889). In other words, a product cannot infringe a patent if it existed before the patent's priority date because either the patent is invalid as anticipated, or it simply does not infringe.

Plaintiff cannot succeed in obtaining a Preliminary Injunction here for a simple reason: several of the accused products were on sale, and were in fact sold, before the priority date of the four asserted patents. There are other problems with the merits of Plaintiff's case, such as failing to allege which claims among the three asserted utility patents Plaintiff believes were infringed, but these issues are overshadowed by the fact that Plaintiff either did not have the right to the patents it is asserting (making them invalid) or the accused products did not infringe them.

Since Plaintiff cannot succeed on the merits, has failed to show irreparable harm, and because the balance of harms favors Defendant, the requested Preliminary Injunction is neither justified nor in the public interest and should be denied. Allowing a Preliminary Injunction under these circumstances would only encourage plaintiffs to exploit the legal system in pursuit of overbroad relief without adequate scrutiny.

## **LEGAL STANDARD**

The standards for issuing a temporary restraining order and a preliminary injunction are identical. *Mays v. Dart*, 453 F.Supp. 3d 1074, 1087 (N.D. Ill. 2020). The party seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Defense Council, Inc*., 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008) (citation omitted).

"A preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Goodman v. Illinois Dept. of Financial and Professional Regulation*, 430 F.3d 432, 437 (7th Cir. 2005) (internal quotation marks and citation omitted). A preliminary injunction is "an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Cassell*, 990 F.3d at 544 (quoting *Orr v. Shicker*, 953 F.3d 490, 501 (7th Cir. 2020)).

"To establish a reasonable likelihood of success on the merits, a patentee must show that it will likely prove infringement of the asserted claims and that its infringement claim will likely withstand the alleged infringer's challenges to patent validity and enforceability." *Mylan Institutional LLC v. Aurobindo Pharma Ltd*., 857 F.3d 858 (Fed. Cir. 2017).

## ARGUMENT

### A. Plaintiff Cannot Show a Likelihood of Success on the Merits Because Defendants Either Do Not Infringe the Patents, or the Patents are Invalid

Plaintiff Marvel Technology (China) Co., Limited, has asserted a design patent U.S. Patent no. D976,993 S ("the '993 Patent") and three utility patents, U.S. Patent nos. 11,719,380 ("the '380 patent"), 11,665,306 ("the '306 patent"), 11,720,000 ("the '000 patent") (the "Asserted Patents"). Among the Asserted Patents the '380 patent has the earliest priority date of April 15, 2022. One of the Participating Defendants, Shenzhen Vanplex Co., Ltd, is the owner of U.S. Design Patent no. D971,989 (the "Vanplex Patent"), which has a priority date of March 25, 2022. (Decl. of LV Hongwen). Since the Vanplex Patent has a priority date before all the Asserted Patents and is therefore prior art to those patents. Furthermore, the products sold by several Participating Defendants, are substantially similar to the Vanplex Patent. *Id.*

Another Participating Defendant, Shenzhen Fantasy View Technology Co., Ltd., has been selling the product they are accused of infringing since May 28, 2021. (Decl. of Wang Jiawei). To show likelihood of success on the merits for the purposes of a preliminary injunction, a plaintiff "must prove that success in establishing infringement is more likely than not." *Pressure Specialist, Inc. v. Next Gen Mfg. Inc*., 469 F. Supp. 3d 863, 868-69 (N.D. Ill. 2020). In this action it is not possible for Plaintiff to establish that infringement is more likely than not because products that predate the Asserted Patents cannot also infringe the Asserted Patent. See *Peters v. Active Mfg. Co.,* 129 U.S. 530, 537, 9 S. Ct. 389, 392, 32 L. Ed. 738 (1889). In other words, by claiming that products that were sold prior to the earliest priority date of their patents infringe their patents Plaintiff must either concede that the Asserted Patents are invalid or that these preexisting products do not infringe the Asserted Patents.

**B. Plaintiff's Evidence Fails to Establish the Right to a Preliminary Injunction**

Even if Plaintiff had not claimed that the products that were on sale before the Asserted Patents priority dates, Plaintiff has failed to provide adequate evidence that the Accused Products infringe the Asserted Patents. In design patent cases "a plaintiff must demonstrate that 'an ordinary observer, familiar with the prior art designs, would be deceived into believing that the accused product is the same as the patented design.'" *Crocs v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010); see also *Egyptian Goddess, Inc. v. Swisa*, *Inc*., 543 F.3d 665, 676, 678. (Fed. Cir. 2008). The '993 Patent is a design patent, so Plaintiff must demonstrate that each of the accused products is substantially identical to the patented design. Plaintiff is not even close to meeting this standard.

Much of the record in this case remains sealed; however, upon request, Plaintiff provided Participating Defendants with documents described by Plaintiff as "evidence of infringement." For most of the evidence presented by Plaintiff, there is simply no way to determine whether there are

grounds for infringement. Most of the "evidence" consists of screenshots of Participating Defendants' stores, but these images do not show the Accused Products in sufficient detail to make any determination regarding infringement. Some of the pictures either fail to clearly depict the product or display only a postage-stamp–sized image of the product. For example, the "evidence" against Shenzhen WiViTouch Technology Co., Ltd. provided by Plaintiff is attached as Exhibit A.

The case for the three utility patents is even weaker. The legal standard for literal infringement of a utility patent is well-established: "To establish literal infringement, every limitation set forth in a claim must be found in an accused product, exactly." *Southwall Techs., Inc. v. Cardinal IG Co*., 54 F.3d 1570, 1575 (Fed. Cir. 1995). In utility patent cases, infringement is determined solely by the claims. The specification—including the figures—merely provides context and clarity to those claims. It is impossible to establish infringement based solely on the figures. However, when Participating Defendants requested that Plaintiff identify the allegedly infringed patents, Plaintiff responded by providing a screenshot displaying the patent numbers and a figure from each patent. Furthermore, in the section addressing the likelihood of success on the merits in Plaintiff's request for a Temporary Restraining Order, Plaintiff discusses only its designs and sets forth the standard for design patent infringement, with no reference to the utility patents. [Dkt. #9]. If the sealed docket items contain actual claim charts showing why Plaintiff believes Participating Defendants are infringing Plaintiff's utility patents Participating Defendants would like the opportunity to respond to these claim charts. However, based on the record available to Participating Defendants there is nothing to indicate that Plaintiff has done anything to establish a likelihood of success as to the merits of infringement of the utility patents.

## **CONCLUSION**

Based on the record currently available to Participating Defendants, Plaintiff cannot establish a likelihood of success on the merits, and because they have failed to establish a likelihood of success

on the merits, they cannot demonstrate irreparable harm or show that the balance of equities or public interest favors an injunction. The accused products predate the earliest priority date of Plaintiff's patents and therefore cannot infringe them. Even aside from these timing issues, Plaintiff has produced insufficient evidence that Participating Defendants' products infringe either the asserted design or utility patents, and Plaintiff's own submissions fail to substantiate any claim of literal infringement.

Accordingly, the Participating Defendants respectfully request that the Court deny Plaintiff's motion for a preliminary injunction in its entirety. Furthermore, to the extent that the sealed record may reveal additional evidence not currently available to Participating Defendants, they respectfully request leave to submit a further response to address any such newly disclosed information before the Court renders its decision. Finally, Participating Defendants request such other and further relief as the Court deems appropriate.

Dated: February 3, 2025

Respectfully Submitted,
/s/ Benjamin Solter
Benjamin Solter
Cross-Border Counselor LLP
Suite 1167, 7755 Center Ave,
Huntington Beach, CA 92647
Direct Telephone No.: (781) 752-6369
bsolter@cbcounselor.com

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing Memorandum was electronically filed with the Clerk of the Court and served on all counsel of record and interested parties via the CM/ECF system on February 3, 2025.

*/s/ Benjamin Solter*
Benjamin Solter