# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Marvel Technology (China) Co., Limited <br><br>        Plaintiff, <br>   v. <br><br>The Partnerships and Unincorporated Associations Identified on Schedule "A"; <br><br>        Defendants, | Civil Action No. 1:24-cv-5280 <br><br>Hon. John F. Kness <br><br>Hon. Maria Valdez |

**OPPOSING DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [DKT. 26-27]**

Opposing Defendants, Huang-us, EIJOFI, XAZIMO, and 360 Smart Photo Booth by and through their undersigned counsel, together with the Declaration of Honghan Shi ("*Decl. Shi*"), hereby oppose Plaintiff Marvel Technology (China) Co., Limited's ("Plaintiff " or "Marvel") Motion for Preliminary Injunction. [Dkt. 26-27]

### I.    INTRODUCTION

Patent law only protects inventions that are new and nonobvious under 35 U.S.C. §§ 102 and 103. Here, Marvel's asserted patents fail both requirements. The accused products, which was made by Shenzhen Kemeituo Technology Co.,Ltd, a.k.a. Shenzhen Cometo Technology Co., Ltd (the "Kemeituo"), were publicly sold on 1688.com before Marvel's earliest filing date, triggering the on-sale bar under § 102(b). Likewise, Chinese Patent No. 202230229473.4—the foundation for Marvel's corresponding U.S. patent under D976,993—was invalidated for lack of novelty and obviousness, raising a substantial question as to the validity of its U.S. counterpart. These defects prevent Marvel from demonstrating both a likelihood of success on the merits and irreparable harm, and thus require denial of its request for injunctive relief.

1

## II. BACKGROUND

### 1. Statement of Facts

The foundational flaw undermining Plaintiff's claim for injunctive relief is the sweeping "one size fits all" approach it has used here and that is becoming increasingly common in this District. This case and others follow a similar pattern whereby a plaintiff files a complaint alleging intellectual property infringement, moves *ex parte* for a temporary restraining order and then obtains a preliminary injunction. Defendants, who do not immediately realize that they have been sued, discover that their assets have been restrained, which may be the first time they learn of any lawsuit. Defendants are under strong pressure to settle because of the burden of the preliminary injunction, and any defendants who do not settle end up being defaulted.

Plaintiff, Marvel Technology (China) Co. Limited, filed the instant civil action on June 25, 2024 by Complaint ("Complaint") [Dtk 1] against hundreds of different online entities via **sealed** filing, which operates stores within Amazon and other platforms, alleging ***Infringement Of United States Patents (35 U.S.C. § 271)***. Plaintiff alleges to be the owner of a series of Patents registered within the USPTO under registration numbers of US 11,719,380 B1 (the "'380 Patent"), US 11,720,000 B1 (the "'000 Patent"), US D976,993 S (the "'993 Patent"), and US 11,720,000 B1 (the "'000 Patent") (Hereinafter, referenced as "MARVEL Patents").

On July 30, 2024—more than one month later—Plaintiff moved *ex parte* for a temporary restraining order ("TRO") [Dkt. 7-8].

On August 2, 2024, the presiding judge ordered Plaintiff to amend its Complaint [Dkt. 13]. Plaintiff filed its Amended Complaint on August 8, 2024 ("Amended Complaint")[Dkt. 14], notably without providing any claim construction concerning the '380 Patent, '000 Patent, and '000 Patent infringement.

On October 22, 2024, Plaintiff again filed a motion requesting a decision on the previously filed TRO.

On January 14, 2025, Plaintiff filed a motion for a preliminary injunction ("PI Motion") [Dkt. 26-27].

Defendants are selling the products made by Kemeituo. See *Decl. Shi* at 4. Kemeituo is a company that independently develops and manufactures matrix rail products, including a type of 360-degree circular shooting equipment involved in this case (the "Kemeituo Shooting Equipment") *Id*. at 2. Below are some pictures of Kemeituo Shooting Equipment:

 

3

Kemeituo started to market and wholesale its patented products on 1688.com as early as March 4, 2022. *Id*. at 5.

**2. MARVEL Patents.**

Plaintiff alleges patent infringement under 35 U.S.C. § 271. However, it is important to note that both the Complaint and the subsequently filed Amended Complaint are vague or ambiguous, as they do not specify how each Defendant's product allegedly infringes one or more of Plaintiff's MARVEL Patents. Moreover, there is no claim construction provided for the '380 Patent, '000 Patent, and '000 Patent—all utility patents—regarding their alleged infringement. Below is a key point of the MARVEL Patents:

|  | D976,993 | US 11,719,380 | US 11,665,306 | US 11,720,000 |
|---|---|---|---|---|
| Date of Patent | Jan. 31, 2023 | Aug. 8, 2023 | May 30, 2023 | Aug. 8, 2023 |
| Date of Filing | Aug. 1, 2022 | Oct. 28, 2022 | Nov. 18, 2022 | Jan. 19, 2023 |
| Priority | Apr. 22, 2022[1] | Apr. 15, 2022[2] | Nov. 18, 2022 | Apr. 29, 2022[3] |

*a.* **'993 Patent**

Plaintiff applied for a Chinese patent claiming the ornamental design of a 360º photobooth on April 22, 2022 under CN No. 202230229473.4 ("'993 CN Patent"), then applied for a U.S. design patent for the same design on August 1, 2022, claiming priority to the Chinese application. The U.S. application issued as the '993 Patent in January 2023, claims priority to the earlier-filed Chinese application, and thus has an effective filing date of April 22, 2022 See Dkt. 14-1, Page 1

---

[1] The '993 Patent was filed on August 1, 2022, and claims a continuation of the Chinese Patent under 202230229473.4 priority date on April 22, 2022. See Dkt 14-1.
[2] The '380 Patent was filed on October 28, 2022, and claims a continuation of the Chinese Patent under 202220876418.9 priority date on April 15, 2022. See Dkt. 14-2
[3] The '000 Patent was filed on January 19, 2023, and claims a continuation of the Chinese Patent under 202221031966.8 priority date on April 29, 2022. See Dkt.14-4.

of 11.

On August 23, 2024, the '993 CN Patent was declared invalid due to lack of novelty and obviousness[4]. See *Decl. Shi* at 6.

### b. '380 Patent, '000 Patent, and '000 Patent

The '380 Patent, '000 Patent, and '000 Patent are utility patents. Notably, Plaintiff's Complaint and the later-filed Amended Complaint remain vague or ambiguous, as they do not explain how each Defendant's product allegedly infringes one or more of Plaintiff's MARVEL Patents. Furthermore, Plaintiff has not provided any evidence of an actual purchase order, instead submitting only a few screenshots with no structural details.

Should Plaintiff provide a claim construction, Defendants reserve the right to supplement their opposition.

## III. LEGAL STANDARD

"[A] temporary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Goodman v. Illinois Dep't of Fin. & Prof'l Regulation*, 430 F.3d 432, 437 (7th Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). Because an injunction is an extraordinary remedy, the court's power to issue such relief should be exercised sparingly. *Rizzo v. Goode*, 423 U.S. 362, 378 (1976).

"The standard for obtaining a TRO is the same as that is required to issue a preliminary

---

[4] Quoted Decision Summary: If the overall shape and structure of the asserted patent and the comparative design are basically the same, and the relative positions of the parts are substantially identical, which can give general consumers the relatively consistent overall visual effect. The differences between the asserted patent and the comparative design are not enough to generate a significant impact on the overall visual effect of the product design, thus the asserted patent is not significantly different from the comparative design.

5

injunction." *Admiin Inc. v. Kohan*, No. 23-cv-04430, 2023 WL 4625897, at *4 (N.D. Ill. July 19, 2023) (citing *Merritte v. Kessel*, 561 Fed. App'x 546, 548 (7th Cir. 2014)). "To obtain a TRO, a movant must demonstrate: (1) a likelihood of success on the merits; (2) that it has no adequate remedy at law; and (3) that it will suffer irreparable harm if the relief is not granted." *Id*. (citing *Smith v. Executive Dir. Of Ind. War. Mem'ls Comm'n*, 742 F.3d 282, 286 (7th Cir. 2014)). The movant "bears the burden of persuasion with regard to each factor in the preliminary injunctive relief analysis," and if it "fails to meet just one of the prerequisites for a temporary injunction, the injunction must be denied." *Smith v. Foster*, No. 16-cv-84-PP, 2016 WL 2593957, at *3 (E.D. Wis. May 5, 2016) (quoting *Cox v. City of Chicago*, 868 F.2d 217, 219-23 (7th Cir.1989)). In order to meet its burden, Plaintiffs must support their motion "with evidence" to satisfy "each of the[] elements" required to obtain injunctive relief. *Merritte v. Kessell*, No. 12-CV-00263-JPG-PMG, 2015 WL 1775777, at *2 (S.D. Ill. Apr. 16, 2015).

If the movant meets these requirements, the Court must then weigh, using a sliding scale, the harm the movant will suffer without an injunction against the harm the non-movant will suffer if an injunction is issued. *Admin Inc*, 2023 WL 4625897, at *4 (citing *GEFT Outdoors, LLC v. City of Westfield*, 922 F.3d 357, 364 (7th Cir. 2019)). The more likely the movant is to win, the less the Court must balance the harm in its favor; conversely, the less likely the movant is to win, the more the balance must weigh in its favor. *Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010). Such injunctive relief is "never awarded as of right," and the Court "must balance the competing claims of injury and must consider the effect on each party." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

IV. **ARGUMENT**

A. **Plaintiffs are unlikely to succeed on the merits because the Defendants do not infringe the MARVEL Patents, the MARVEL Patents are invalid, or both.**

6

For likelihood of success on the merits, a plaintiff "must show that, in light of the presumptions and burdens that will inhere at trial on the merits, (1) [it] will likely prove that [the defendant] infringes [its] patent, and (2) its infringement claim will likely withstand [the defendant's] challenges to the validity [of the] patent." *Invue Sec. Prods.*, 2019 U.S. Dist. LEXIS 167593, at *8, quoting *Vehicular Technologies Corp. v. Titan Wheel Int'l, Inc.*, 141 F.3d 1084, 1088 (Fed. Cir. 1998).

### 1. *Defendants do not directly or indirectly infringe the MARVEL Patents.*

Establishing success on the merits requires Plaintiff to establish that "it will likely prove infringement of the asserted claims and that its infringement claim will likely withstand [Opposing Defendants'] challenges to patent validity." *Feng Gao v. P'ship & Unincorporated Ass'n Identified on Schedule "A"*, No. 21-cv-4055, 2022 WL 1028926, at *3 (N.D. Ill. Apr. 4, 2022) (quoting *Metalcraft of Mayville, Inc. v. The Toro Co.*, 848 F.3d 1358, 1364 (Fed. Cir. 2017)).

To prove that the Accused Product literally infringes the MARVEL Patents, the accused product "must contain each and every limitation of the asserted claim(s)." *Trebro Mfg. v. FireFly Equip., LLC*, 748 F.3d 1159, 1166 (Fed Cir 2014), citing *Cheese Sys., Inc. v. Tetra Pak Cheese & Powder Sys., Inc.*, 725 F.3d 1341, 1348 (Fed. Cir. 2013). The burden to show literal infringement is on the Plaintiffs by a preponderance of evidence. *Bennett Marine v. Lenco Marine*, 2011 U.S. Dist. LEXIS 157717, *46 (S.D. Fla. 2011) (citations omitted).

Indirect infringement is defined in "35 U.S.C. § 271(b), (c), inducing or contributing to direct infringement by other persons." *St.-Gobain Tech. Fabrics Am., Inc. v. Checkmate Geosynthetics, Inc.*, 2010 U.S. Dist. LEXIS 149670, at *14 (M.D. Fla. 2010). To prove indirect infringement, Plaintiffs must show "that defendants had knowledge of the patents-in-suit before

7

the filing of the suit." B*randywine Communs. Techs. v. Centurytel Broadband Servs.*, 2014 U.S. Dist. LEXIS 204764, at *25 (M.D. Fla. 2014). Here, Plaintiff failed to carry its burden in any respect of the above legal standard.

### 2. The MARVEL Patents are invalid under the on-sale bar

Even if Plaintiff can show the likelihood of proving infringement, Defendants "can defeat the likelihood of success on the merits by raising a substantial question as to the validity of the patent[s] in suit." *Trebro Mfg.*, 748 F.3d at 1169 (Fed Cir 2014).

Defendants successfully raise a substantial question concerning the validity of the MARVEL Patents if the Plaintiffs cannot prove that the defense "lacks substantial merit." *Invue Sec. Prods.*, 2019 U.S. Dist. LEXIS 167593, at *10. Moreover, the "showing of a substantial question as to invalidity at the preliminary injunction stage requires less proof than the clear and convincing showing necessary to establish the invalidity itself at trial." *Id.*, citing *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1359 (Fed. Cir. 2001).

Pursuant to the Leahy-Smith America Invents Act ("AIA"), a design patent is valid if it claims "any new, original, and ornamental design for an article of manufacture," and satisfies the other statutory requirements for patentability. 35 U.S.C. § 171. The AIA defines the scope of prior art with respect to the earliest effective filing date of the claimed subject matter. 35 U.S.C. § 102. The "effective filing date" is either "the actual filing date" of the patent application or "the filing date of the earliest . . . application" to which the application claims priority. 35 U.S.C. § 102(d). Applications for design patents are entitled to claim priority to a "previously regularly filed application for a patent for the same invention in [inter alia] . . . a [World Trade Organization] member country" if the U.S. application was filed within "six months" "from the earliest date on which such foreign application was filed." 35 U.S.C. §§ 119(a), 172.

8

Under the AIA, all public disclosures predating the effective filing date of a patent (including from public use or sale of a product) qualify as prior art under 35 U.S.C. § 102(a)(1).8 Additionally, earlier-filed U.S. patent applications that are later published or issued qualify as prior art as of their effective filing date. 35 U.S.C.§§ 102(a)(2), (d).

"Under 35 U.S.C. § 102, a claim is invalid as anticipated 'if each and every limitation is found either expressly or inherently in a single prior art reference.'" *Feng Gao*, 2022 WL 1028926, at *4. A patent is also invalid as anticipated where the accused products were on sale prior to the effective filing date of the asserted patent. *Helsinn Healthcare*, 586 U.S. at 127.

If a disclosure does not teach every limitation of the claimed subject matter a patent may nevertheless be invalid as obvious "if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains." 35 U.S.C. § 103. The obviousness inquiry requires consideration of: (1) the scope and content of the prior art; (2) the differences between the claims and the prior art; (3) the level of ordinary skill in the art; and (4) objective indicia of nonobviousness, such as commercial success, long felt but unsolved needs, and failure of others. *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 406-07 (2007).

The Federal Circuit recently altered the obviousness test as it applies to design patents, repealing the prior-used, rigid Rosen-Durling test and explaining that courts should instead conduct a flexible inquiry and analysis of those four factors as outlined in *KSR*. See *LKQ Corp. v. GM Glob. Tech. Operations LLC*, 102 F.4th 1280, 1293 (Fed. Cir. 2024) (en banc). In the design patent context, obviousness is assessed by "compar[ing] the visual appearance of the claimed design with prior art designs" to determine if a designer of ordinary skill "would have combined

9

teachings of the prior art to create the same overall visual appearance as the claimed design." *Id*. at 1298 (citing *Apple, Inc. v. Samsung Elecs. Co*., 678 F.3d 1314, 1329 (Fed. Cir. 2012)).

Because the '993 CN Patent was invalidated for lack of novelty and obviousness, there is a direct challenge to the validity of the U.S. '993 design patent. Although a foreign invalidation is not binding in the United States, the fact that the same design was deemed both non-novel and obvious strongly suggests a substantial question regarding its validity under U.S. law. Given that the preliminary injunction standard only requires a showing of such a substantial question—rather than the clear and convincing proof needed at trial—this foreign invalidation decisively undermines Plaintiff's likelihood of success on the merits.

Under "35 U.S.C. § 102(b), the on sale bar applies when, prior to the critical date, (1) an invention is ready for patenting and (2) the claimed invention is the subject of a definite sale or a commercial offer for sale." *Pride Family Brands*, 992 F. Supp. 2d at 1223, citing *Hamilton Beach Brands, Inc. v. Sunbeam Prods. Inc.*, 726 F.3d 1370, 1374 (Fed. Cir. 2013). "Evidence of a single sale is sufficient to trigger the 'on sale' bar." *Id*., citing and quoting *In re Caveney*, 761 F.2d 671, 676 (Fed. Cir. 1985).

Here, the MARVEL Patents each have an effective filing date no earlier than April 22, 2022. Kemeituo, however, began marketing and wholesaling its accused 360-degree shooting equipment on 1688.com as early as March 4, 2022—predating the MARVEL Patents' earliest priority date. This timing strongly suggests the product was ready for sale prior to the critical date. Discovery is likely to uncover additional evidence confirming that commercial activities or actual sales of the accused product occurred before the MARVEL Patents' critical date. Such evidence would trigger the § 102(b) on-sale bar, placing the patents' validity into serious doubt.

It must be kept in mind that in the context of the preliminary injunction:

> the trial court 'does not resolve the validity question, but rather must . . . make an assessment of the persuasiveness of the challenger's evidence, recognizing that it is doing so without all evidence that may come out at trial.' Instead of the alleged infringer having to persuade the trial court that the patent is invalid, at this stage it is the patentee, the movant, who must persuade the court that, despite the challenge presented to validity, the patentee nevertheless is likely to succeed at trial on the validity issue.

*Helsinn Healthcare S.A. v. Dr. Reddy's Labs., Ltd.*, 2018 U.S. Dist. LEXIS 14566, *20-21 (D.C. NJ 2018), quoting *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1377 (citation omitted).

Defendants recognize that given the present record there is insufficient evidence to establish the invalidity of the MARVEL Patents by "clear and convincing evidence". However, the evidence of record raises a "substantial question" concerning whether the Accused Product was on sale before the critical date. If the Plaintiffs cannot show that the defense "lacks substantial merit," the Court should deny Plaintiff's Motion for preliminary injunction.

### B. Plaintiff Fails to Show Immediate and Irreparable Harm

The Federal Circuit held that a "party seeking a preliminary injunction must establish that it is likely to suffer irreparable harm without an injunction[.] The mere possibility or speculation of harm is insufficient." *Koninklijke Philips v. Tales Dis AIS USA LLC*, 39 F.4th 1377 (Fed. Cir. 2022). The "asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" *Siegel v. LePore*, 234 F.3d 1163, 1176-1177 (11th Cir. 2000), quoting *Northeastern*

*Florida Chapter v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990). In patent cases, Courts "no longer apply the presumption of irreparable harm in deciding preliminary injunction motions." *Invue Sec. Prods.*, 2019 U.S. Dist. LEXIS 167593 at *8-9, citing *Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1149 (Fed. Cir. 2011). In this case, MARVEL Patents are likely to be declared invalid, and Defendants are marketing products of their own creation - manufactured by Kemeituo. Consequently, Plaintiff's claims regarding the inadequacy of monetary compensation, direct financial losses, market displacement, diminished quality, and loss of market share in its TRO Motion are baseless.

### C. The Balance of Equities Weighs Against a TRO

Plaintiff has the "burden of showing that the harm [it] will suffer if the injunction is denied is substantially greater than the harm [the Defendant] would suffer if the injunction were granted." *Kastanis v. Eggstacy LLC*, 752 F. Supp. 2d 842, 858-59 (N.D. Ill. 2010). (Emphasis added). Here, the threatened injury to Plaintiff is far outweighed by the real and immediate injury to Defendants. An injunction will cause significant harm to Defendants because they will be unable to continue their businesses normally. Further, Defendants will also be unable to maintain their relationships and reputation with its consumers and in the marketplace. These effects will likely ripple into Defendants' sales and irreparably harm their businesses. Defendants have already been wrongfully restrained, resulting in lost profits as well as suffered irreparable harm to their reputations. Defendants' relationships with their suppliers will also be severely impacted.

There is no justification to stop the sales of non-infringing products offered by Defendants. Additionally, the asset restraint currently in place restricted withdrawal of any funds from the Defendants' stores, regardless of whether they are derived from non-infringing sales. By contrast, Plaintiff has not shown that any of the alleged harms it may suffer amounts to anything other than possible lost sales compensable by money damages.

IV. CONCLUSION

Plaintiff has not met the heightened burden required for the extraordinary remedy of injunctive relief. It has offered no claim construction for its utility patents, leaving the Court without a basis to determine whether Defendants' products infringe each claim limitation. Additionally, the invalidation of the '993 CN Patent for lack of novelty and obviousness raises a substantial question as to the validity of the corresponding U.S. design patent. Combined with evidence suggesting Defendants' on-sale activities occurred before the MARVEL Patents' critical dates, the record does not support a likelihood of success on the merits. Nor has Plaintiff shown that it will suffer irreparable harm absent an injunction, particularly given its reliance on vague or speculative assertions of harm.

Given the baseless nature of Plaintiff's requested injunctive relief, Defendants respectfully request that the Court deny Plaintiff's Motion in its entirety. Furthermore, if the Court finds that any injunction has been wrongfully issued or maintained, Defendants seek an award of damages, including attorneys' fees, to compensate for the harm caused by that wrongful injunction under applicable law and Federal Rule of Civil Procedure 65(c). Defendants also request any further relief the Court deems just and proper in the circumstances.

Dated: February 3, 2025

Respectfully Submitted,

**J. Zhang and Associates, P.C.**
*Attorney for Defendants,*
*Huang-us, EIJOFI, XAZIMO, and 360 Smart Photo Booth*

*/s/ Jiyuan Zhang*
_____
By: Jiyuan Zhang, Esq
3712 Prince Street, Ste 9C,
Flushing, NY 11354

Tel: (718) 701 – 5098
contact@jzhanglaws.com
JZ@jzhanglaws.com

14

## AFFIRMATION OF SERVICE

I, Jiyuan Zhang, an attorney, certifies that on February 3, 2025, a true and correct copy of **OPPOSING DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** was filed via the CM/ECF electronic filing system, thereby serving it upon all counsel of record and interested parties.

*/s/ Jiyuan Zhang*
Jiyuan Zhang