UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Marvel Technology (China) Co., Limited, | ) ) ) |
| Plaintiff, | ) ) Case No. 24-CV-05280 ) |
| v. | ) Judge John F. Kness ) |
| The Partnerships and Unincorporated Associations Identified on Schedule A, | ) ) ) |
| Defendants. | ) ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S PRELIMINARY INJUNCTION**

Defendant Shenzhen Qunan Electronic Technology Co., Ltd. (hereinafter "Defendant"), by and through its undersigned counsel, respectfully requests this Court to deny Plaintiff's Preliminary Injunction Request.

**INTRODUCTION**

As demonstrated in the declarations submitted herewith. and in previously filed oppositions from other co-defendants, the products Plaintiff accuses of infringement were publicly sold and offered for sale prior to the earliest priority dates claimed by Plaintiff's patents. These facts cast substantial doubt on both the validity of the asserted patents and on Plaintiff's likelihood of success on the merits. Consequently, Plaintiff's request for the extraordinary remedy of injunctive relief should be denied.

**LEGAL STANDARD**

The standards for issuing a temporary restraining order and a preliminary injunction are identical. *Mays v. Dart*, 453 F.Supp. 3d 1074, 1087 (N.D. Ill. 2020). The party seeking a

1

preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008) (citation omitted).

"A preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Goodman v. Illinois Dept. of Financial and Professional Regulation*, 430 F.3d 432, 437 (7th Cir. 2005) (internal quotation marks and citation omitted). A preliminary injunction is "an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Cassell*, 990 F.3d at 544 (quoting *Orr v. Shicker*, 953 F.3d 490, 501 (7th Cir. 2020)).

"To establish a reasonable likelihood of success on the merits, a patentee must show that it will likely prove infringement of the asserted claims and that its infringement claim will likely withstand the alleged infringer's challenges to patent validity and enforceability." *Mylan Institutional LLC v. Aurobindo Pharma Ltd.*, 857 F.3d 858 (Fed. Cir. 2017).

## ARGUMENT

**A. Plaintiff Cannot Show a Likelihood of Success on the Merits Because Defendants Either Do Not Infringe the Patents, or the Patents are Invalid**

Plaintiff Marvel Technology (China) Co., Limited has asserted a design patent, U.S. Patent No. D976,993S ("the '993 Patent"), and three utility patents, U.S. Patent Nos. 11,719,380 ("the '380 patent"), 11,665,306 ("the '306 patent"), and 11,720,000 ("the '000 patent") (the "Asserted Patents"). Among the Asserted Patents, the '380 patent has the earliest priority date of April 15, 2022.

Several defendants have already submitted evidence that the products they are accused of infringing were sold prior to the earliest priority dates of the Asserted Patents (see Dkt. No. 36-1, Declaration of Lv Hongwen; Dkt. No. 36-2, Declaration of Wang Jiawei; Dkt. No. 38, Declaration of Honghan Shi). Two additional declarations, with accompanying invoices, are submitted with this Opposition and further corroborate that accused products were sold prior to the asserted priority dates. Specifically, Shenzhen WiviTouch Technology Co., Ltd. has been selling its product since April 22, 2021 (Declaration of Lijun Hu), and Chengdu Tops Technology Co., Ltd. has been selling its product since January 11, 2021 (Declaration of Lijun Hu).

Any one of these declarations should suffice as evidence to deny the Preliminary Injunction against all Defendants, as they clearly demonstrate that either the Asserted Patents are invalid or the Defendants are not infringing them. However, Plaintiff was aware of additional evidence indicating that the '993 Patent is invalid. Specifically, the '993 Patent claims priority to Chinese Patent Application CN202230229473.4, which issued as Chinese Patent No. CN307454146S (the "Chinese Parent Patent"). An Invalidation Request was initiated against the Chinese Parent Patent on February 5, 2024, and on August 23, 2024, the China National Intellectual Property Administration (CNIPA) found that the Chinese Parent Patent was invalid based on prior art (Dkt. No. 38-2). Although the CNIPA decision is not binding in this action, it is highly relevant, particularly because the two primary references relied upon by the CNIPA bear a strong visual similarity to the '993 Patent (Chinese Patent Nos. CN306922323S and CN307042332S, attached as Exhibit A and Exhibit B).

The timing of the action is concerning because Plaintiff requested ex parte relief while the CNIPA decision was pending and filed a "Motion for Decision" after the CNIPA decision was issued (Dkt. No. 18). Although certain filings remain under seal, the available record suggests that Plaintiff failed to disclose the CNIPA decision to this Court. If that omission is confirmed, it should weigh against the grant of a Preliminary Injunction.

**CONCLUSION**

For the reasons set forth above, Defendant respectfully requests that this Court deny Plaintiff's Preliminary Injunction Request. Plaintiff has failed to demonstrate a likelihood of success on the merits, as evidenced by the public sale of the accused products prior to the asserted priority dates and by additional evidence that undermines the validity of the asserted patents. Moreover, Plaintiff's questionable timing and failure to disclose adverse evidence, including the CNIPA decision, further preclude the granting of injunctive relief. Accordingly, Defendant respectfully requests that this Court deny Plaintiff's request for a Preliminary Injunction.

Dated: February 12, 2025

Respectfully Submitted,
/s/ Benjamin Solter
Benjamin Solter
Cross-Border Counselor LLP
Suite 1167, 7755 Center Ave,
Huntington Beach, CA 92647
Direct Telephone No.: (781) 752-6369
bsolter@cbcounselor.com

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing Memorandum was electronically filed with the Clerk of the Court and served on all counsel of record and interested parties via the CM/ECF system on February 12, 2025.

*/s/ Benjamin Solter*
Benjamin Solter