**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| Marvel Technology (China) Co., Limited, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 24-CV-05280 |
| v. | ) ) | Judge John F. Kness |
| The Partnerships and Unincorporated Associations Identified on Schedule A, | ) ) ) ) | |
| Defendants. | ) | |

**Defendants' Answer to the Amended Complaint**

Defendant stores Sabeeney (#130), ACHHA TECHNOLOGY INC (#133), FTY360 (#142), SX LLC (#163), FASHINN360 (#381), TOPS Tech (#382), Shenzhen Vanplex Co., Ltd. (#165, #173), Shenzhen Hywinlife Co., Ltd (#166), Shenzhen Rossmine Co., Ltd. (#167), Shenzhen WiViTouch Technology Co., Ltd. (#168, #186), Shenzhen Fantasy View Technology Co., Ltd. (#169-#170, #183), Chengdu Tops Technology Co., Ltd. (#181), Shenzhen Furmores Technology Co., Ltd (#185), Shenzhen SeenTok Co, Ltd (#192), Furmores Official Store (#307–#311), HYWINLIFE Official Store (#322–#332), Rossmine Official Store (#339–#347), Evegogo Store (#351–#358), Vanplex Photo Booth Store (#362–#364), and Shenzhen Qunan Electronic Technology Co., Ltd. (hereinafter, the "Defendant Stores") hereby answer the complaint as follows:

**Nature of the Action**

1.      This action has been filed by Plaintiff to combat e-commerce store

operators who trade upon Plaintiff's intellectual property by making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use unauthorized and unlicensed products that infringe Plaintiff's patents ("Infringing Products"). Defendants create e-commerce stores operating under one or more aliases that are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products to unknowing consumers. E-commerce stores operating under the aliases share unique identifiers establishing a logical relationship between them, suggesting that Defendants' operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid and mitigate liability by operating under one or more aliases to conceal both their identities and the full scope and interworking of their operation. Plaintiff has filed this action to combat Defendants' infringement of Plaintiff's utility patents and design patents, as well as to protect unknowing consumers from purchasing Infringing Products over the Internet. Plaintiff has been and continues to be irreparably damaged from the loss of Plaintiff's lawful patent rights to exclude others from, inter alia, making, using, selling, offering for sale, and importing Plaintiff's utility patents and design patents as a result of Defendants' actions, and, as a result, Plaintiff seeks injunctive and monetary relief.

**Answer: With respect to themselves, Defendant Stores deny the allegations in this paragraph. With respect to the other defendants, Defendant Stores lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

## Parties

2.  Plaintiff is a Chinese limited liability company and is the listed owner of the Patents.

**Answer: Defendant Stores lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

3.  Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the aliases identified on Schedule A and/or other seller aliases not yet known to Plaintiff (collectively, "Seller Aliases"). On information and belief, Defendants reside and/or operate in the People's Republic of China, or other foreign jurisdictions, or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). On information and belief, Defendants either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

**Answer: The Defendant Stores admit that they are business entities who reside in a foreign jurisdiction and that they own and operate e-commerce stores. The Defendant Stores deny any remaining allegations in this paragraph as to the Defendant Stores. With respect to the other defendants, the Defendant Stores lack knowledge or information sufficient to form a belief about the truth of the**

**allegations in the paragraph.**

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1338 (for claims arising under the U.S. Patent Act).

**Answer: Admitted.**

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois and this judicial district, through at least the fully interactive, e-commerce stores operating under the Seller Aliases. Specifically, Defendants have targeted sales to Illinois residents (including residents in this judicial district) by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois and this judicial district, accept payment in U.S. dollars and, on information and belief, have offered to sell and/or sold products featuring Plaintiff's patented designs to residents of Illinois (including residents in this judicial district). Each of the Defendants is committing tortious acts within the United States (including in the State of Illinois and in this judicial district), is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois (including in this judicial district).

**Answer: With respect to themselves, Defendant Stores deny the allegations in this paragraph. With respect to the other defendants, Defendant Stores lack knowledge or information sufficient to form a belief about the truth of the**

**allegations in this paragraph.**

### Plaintiff's Business

6.　　Plaintiff is engaged in the design, distribution, marketing, offering for sale, and sale of various industrial designs and consumer products, including without limitation 360 Photo Booth Machine products ("Plaintiff Products").

**Answer: Defendant Stores lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

7.　　The Plaintiff Products are distributed and sold to consumers throughout the United States, including in Illinois and in this judicial district.

**Answer: Defendant Stores lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

8.　　Plaintiff Products are known for their distinctive patented designs. Those designs are broadly recognized by consumers. Products tailored after those designs are associated with the quality and innovation that the public has come to expect from Plaintiff Products.

**Answer: Defendant Stores lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

### Defendants' Unlawful Conduct

9.　　Plaintiff has identified numerous fully interactive, ecommerce stores, including those operating under the Seller Aliases, which are or recently were offering for sale and/or selling Infringing Products to consumers in this judicial district and throughout the United States.

**Answer: With respect to themselves, Defendant Stores deny the allegations in this**

**paragraph. With respect to the other defendants, Defendant Stores lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

10. It has been estimated that e-commerce intellectual property infringement costs merchants in the U.S. alone nearly $41 billion with Department of Homeland Security seizures of infringing goods increasing more than tenfold between 2000 and 2018.

**Answer: Defendant Stores lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

11. Marketplaces like Amazon, Aliexpress, Alibaba, and eBay, among others, allow merchants to quickly "set up shop" and flood the market with unauthorized goods which displace actual sales that manufacturers would otherwise enjoy.

**Answer: Defendant Stores lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

12. U.S. Customs and Border Protection ("CBP") reported that for Fiscal Year 2019, 90% of all CBP intellectual property seizures were smaller international mail and express shipments (as opposed to large cargo containers) and 85% of CBP seizures originated from mainland China, Singapore, and Hong Kong. Footwear and sporting goods, specifically, represented 17% of all seized products and the value of seized goods increased 11% to more than $1.5 billion.

**Answer: Defendant Stores lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

13. Legislation was recently introduced in the U.S. Senate that would allow CBP to seize articles that infringe design patents, thus closing a loophole currently exploited by infringers.

**Answer: Defendant Stores lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

14. Infringing and pirated products account for billions in economic losses, resulting in tens of thousands of lost jobs for legitimate businesses and broader economic losses, including lost tax revenue.

**Answer: Defendant Stores lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

15. Third party service providers like those used by Defendants do not adequately subject new sellers to robust verification and confirmation of their identities, allowing infringers to "routinely use false or inaccurate names and addresses when registering with these e- commerce platforms."

**Answer: Defendant Stores lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

16. DHS has observed that "at least some e-commerce platforms, little identifying information is necessary for [an infringer] to begin selling" and recommending that "[s]ignificantly enhanced vetting of third-party sellers" is necessary. Infringers hedge against the risk of being caught and having their websites taken down from an e-commerce platform by preemptively establishing multiple virtual storefronts.

**Answer: Defendant Stores lack knowledge or information sufficient to form a**

**belief about the truth of the allegations in this paragraph.**

17.     Since platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, infringers can have many different profiles that can appear unrelated even though they are commonly owned and operated.

**Answer: Defendant Stores lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

18.     Further, "E-commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of [infringement]."

**Answer:  Defendant Stores lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

19.     Defendants have targeted sales to Illinois residents by setting up and operating e- commerce stores which target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois and this judicial district, accept payment in U.S. dollars and, on information and belief, have offered to sell or sold Infringing Products  to residents of Illinois and this judicial district.

**Answer: The Defendant Stores admit that they operate online stores that are accessible in Illinois and accept payments in United States currency. The Defendant Stores deny any remaining allegations in this paragraph. With respect to the other defendants, the Defendant Stores lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

20.     Defendants collectively employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing e-commerce stores operating under the Seller Aliases so that they appear to

unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the Seller Aliases appear sophisticated and accept payment in U.S. dollars via credit cards, Alipay, Amazon Pay, Western Union, and/or PayPal. E-commerce stores operating under the Seller Aliases often include content and images which make it very difficult for consumers to distinguish such stores from those of an authorized retailer. Plaintiff has not licensed or authorized Defendants to use the patented designs owned by Plaintiff and, on information and belief, none of the Defendants are authorized retailers of genuine Plaintiff Products.

**Answer: With respect to themselves, Defendant Stores deny the allegations in this paragraph. With respect to the other defendants, Defendant Stores lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

21. On information and belief, Defendants engaged in fraudulent conduct when registering the Seller Aliases by providing false, misleading, and/or incomplete information to their respective e-commerce platforms. On information and belief, certain Defendants have anonymously registered and maintained Seller Aliases to prevent discovery of their true identities and the scope of their e-commerce operation.

**Answer: With respect to themselves, Defendant Stores deny the allegations in this paragraph. With respect to the other defendants, Defendant Stores lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

22. On information and belief, Defendants regularly register or acquire new

seller aliases for the purpose of offering for sale and selling Infringing Products. Such seller alias registration patterns are one of many common tactics used by the Defendants to conceal their identities and the full scope and interworking of their operation, and to avoid being halted.

**Answer: With respect to themselves, Defendant Stores deny the allegations in this paragraph. With respect to the other defendants, Defendant Stores lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

23.     Even though Defendants operate under multiple fictitious aliases, the e-commerce stores operating under the Seller Aliases often share unique identifiers, such as templates with common design elements that intentionally omit any contact information or other information for identifying Defendants or other Seller Aliases they operate or use. E-commerce stores operating under the Seller Aliases include other notable common features, such as use of the same registration patterns, accepted payment methods, check-out methods, keywords, illegitimate search engine optimization (SEO), advertising tactics, similarities in price and quantities, the same incorrect grammar and misspellings, and/or the use of the same text and product imagery.

**Answer: With respect to themselves, Defendant Stores deny the allegations in this paragraph. With respect to the other defendants, Defendant Stores lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

24.     Additionally, Infringing Products for sale by the Seller Aliases bear

similar irregularities and indicia of being unauthorized, suggesting that the Infringing Products were manufactured by and come from a common source - or at most two sources - and that Defendants are interrelated and acting in concert.

**Answer: With respect to themselves, Defendant Stores deny the allegations in this paragraph. With respect to the other defendants, Defendant Stores lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

25.     On information and belief, Defendants are in constant communication with each other and regularly participate in QQ.com and WeChat chat rooms and through websites such as sellerdefense.cn, and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

**Answer: With respect to themselves, Defendant Stores deny the allegations in this paragraph. With respect to the other defendants, Defendant Stores lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

26.     On information and belief, Defendants maintain offshore bank accounts and regularly move funds from their financial accounts to offshore bank accounts outside the jurisdiction of this Court and will do so to avoid payment of any monetary judgment awarded to Plaintiff by this Court.

**Answer: With respect to themselves, Defendant Stores deny the allegations in this paragraph. With respect to the other defendants, Defendant Stores lack knowledge or information sufficient to form a belief about the truth of the**

**allegations in this paragraph.**

27.    On information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Infringing Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the utility patents    and design patents owned by Plaintiff. Each e-commerce store  operating  under  the  Seller Aliases offers shipping to the United States, including Illinois, including this judicial district, and, on information and belief, each Defendant has offered to sell or sold Infringing Products into the United States and Illinois, including this judicial district, over the Internet.

**Answer: With respect to themselves, Defendant Stores deny the allegations in this paragraph. With respect to the other defendants, Defendant Stores lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

28.    Defendants' infringement of the utility patents and design patents owned by Plaintiff in the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the Infringing Products was willful.

**Answer: With respect to themselves, Defendant Stores deny the allegations in this paragraph. With respect to the other defendants, Defendant Stores lack knowledge or information sufficient to form a belief about the truth of the**

**allegations in this paragraph.**

29.    Defendants' infringement of the utility patents and patented designs owned by Plaintiff in connection with the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the Infringing Products, including the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of Infringing Products into Illinois, including this judicial district, is irreparably harming Plaintiff.

**Answer: With respect to themselves, Defendant Stores deny the allegations in this paragraph. With respect to the other defendants, Defendant Stores lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

## Count I - Patent Infringement (35 U.S.C. § 271)

30.    Plaintiff repeats and realleges the allegations of Paragraphs 1-29 as if fully set forth herein.

**Answer: Defendant Stores repeat their answers to the proceeding paragraphs.**

31.    Defendants are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products that infringe directly and/or indirectly the utility patents and design patents owned by Plaintiff.

**Answer: With respect to themselves, Defendant Stores deny the allegations in this paragraph.    With respect to the other defendants, Defendant Stores lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

32.      Defendants have infringed the utility patents and design patents owned by Plaintiff through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of Plaintiff's lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

**Answer: With respect to themselves, Defendant Stores deny the allegations in this paragraph. With respect to the other defendants, Defendant Stores lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

33.      Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

**Answer: With respect to themselves, Defendant Stores deny the allegations in this paragraph. With respect to the other defendants, Defendant Stores lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

**AFFIRMATIVE DEFENSES**

**1. Invalidity.**

Defendant asserts that Plaintiff's asserted patents are invalid under 35 U.S.C. §§ 102, 103, and 112. The fact that the accused products were on sale and offered for sale before the patents' priority dates provides prior art that either anticipates or renders

obvious the claimed inventions. Moreover, Plaintiff's failure to properly identify the allegedly infringed claims further undermines the validity of the asserted patents.

## 2. Failure to State a Claim.

Defendant asserts that even assuming the truth of all allegations in Plaintiff's Complaint, Plaintiff has failed to allege facts sufficient to state a claim upon which relief can be granted. In particular, Plaintiff's Complaint does not adequately demonstrate that the accused products incorporate every limitation of any claim in the asserted patents.

## 3. Waiver and Estoppel.

Defendant asserts that Plaintiff's failure to disclose material adverse evidence, specifically, the CNIPA decision and the related prior art, constitutes waiver of any right to rely on such evidence and estoppel from asserting infringement claims based on products sold prior to the patents' priority dates.

## 4. Unclean Hands.

Defendant asserts that Plaintiff's conduct in withholding adverse evidence and its inconsistent representations regarding the allegedly infringed patents demonstrate inequitable conduct. Plaintiff's failure to fully disclose information material to the infringement analysis precludes it from seeking injunctive relief under the doctrine of unclean hands.

## 5. Reservation of Additional Defenses.

Defendant reserves the right to assert additional affirmative defenses as may become available through further discovery and as the litigation progresses.

## I. GENERAL ALLEGATIONS

Defendant Stores incorporate by reference all allegations set forth in their Answer to the Amended Complaint and the accompanying Opposition to Plaintiff's Preliminary Injunction. Plaintiff has asserted a design patent, U.S. Patent No. D976993S (referred to as the "993 Patent") and three utility patents, U.S. Patent Nos. 11,719,380, 11,665,306, and 11,720,000 (collectively, the Asserted Patents). The earliest priority date among these patents is April 15 2022.

Multiple declarations and invoices, including those from the Declaration of Lv Hongwen, the Declaration of Wang Jiawei, the Declaration of Honghan Shi, and the Declaration of Lijun Hu, demonstrate that the accused products were publicly sold and offered for sale before the priority dates of the Asserted Patents. For example, Participating Defendant Shenzhen WiviTouch Technology Co Ltd has been selling its product since April 22 2021 and Chengdu Tops Technology Co Ltd has been selling its product since January 11 2021.

In addition, Plaintiff was aware of adverse evidence that undermines the validity of the 993 Patent. The 993 Patent claims priority to Chinese Patent Application CN202230229473.4, which issued as Chinese Patent No. CN307454146S (the Chinese Parent Patent). An Invalidation Request was filed against the Chinese Parent Patent on February 5, 2024 and on August 23, 2024 the China National Intellectual Property Administration determined that the Chinese Parent Patent is invalid on the basis of prior art. Although the CNIPA decision is not binding in this action, it is highly relevant because the primary references relied upon by the CNIPA closely resemble the 993 Patent.

Furthermore, Plaintiff requested ex parte relief while the CNIPA decision was pending and later filed a Motion for Decision after the CNIPA decision was issued without disclosing this adverse evidence to the Court.

## II. COUNT I – NONINFRINGEMENT

Defendant Stores assert that the accused products do not infringe the Asserted Patents because they were on sale and available to the public before the patents' priority dates.

As a matter of law, products that predate a patent's priority date cannot infringe that patent since either the patent is invalid as anticipated by prior art or the accused products fail to incorporate every claimed limitation.

Plaintiff's evidence, which consists largely of screenshots and vague depictions of the accused products, fails to satisfy the requisite standard showing that an ordinary observer would deem the accused products substantially identical to the patented designs. Similarly, there is insufficient evidence to demonstrate that every limitation of the utility patent claims is met.

Therefore, Defendant Stores respectfully request that the Court declare that Defendant Stores do not infringe Plaintiff's asserted patents and dismiss Plaintiff's infringement claims with prejudice.

## III. COUNT II – INVALIDITY

Defendant Stores assert that Plaintiff's asserted patents are invalid in their entirety. The factual background set forth in the General Allegations shows that the accused

products were publicly sold and offered for sale before the priority dates of the Asserted Patents. This fact provides clear prior art that either anticipates or renders obvious the claimed inventions under 35 United States Code Section 102 and Section 103.

Furthermore, Plaintiff's asserted patents do not satisfy the statutory requirements for patentability, including enablement, written description, and definiteness as required by 35 United States Code Section 112. The adverse evidence regarding the '993 Patent, notably the CNIPA finding that the Chinese Parent Patent is invalid, further supports the conclusion that the '993 Patent is invalid. Accordingly, Plaintiff must either accept that its patents are invalid or acknowledge that the accused products do not infringe them.

Defendant Stores respectfully request that the Court declare Plaintiff's asserted patents invalid in their entirety and permanently enjoin Plaintiff from asserting any infringement claims based on these patents.

## IV. PRAYER FOR RELIEF

WHEREFORE, Defendant Stores respectfully request that the Court:

A. Dismiss Plaintiff's infringement claims against Defendant Stores with prejudice;

B. Enter judgment declaring that Defendant Stores do not infringe Plaintiff's asserted patents;

C. Declare Plaintiff's asserted patents invalid in their entirety;

D. Award Defendant Stores their costs and attorneys' fees incurred in connection with this action;

E. In the event this Court determines that Plaintiff's Temporary Restraining Order was improperly granted, order that Plaintiff's bond be turned over to Defendant as security

for costs, attorneys' fees, and any damages incurred as a result of Plaintiff's improper

relief; and

E. Grant such further relief as the Court deems just and proper.


Dated: February 12, 2025                                     Respectfully submitted,


                                        By: /s/ *Benjamin Solter*
                                        Benjamin Solter
                                        **Cross-Border Counselor LLP**
                                        7755 Center Ave., Suite 1100
                                        Huntington Beach, CA 92647
                                        Direct Telephone No.: (781)
                                        752-6369
                                        Office Telephone No.: (858)
                                        338-3383
                                        bsolter@cbcounselor.com


## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on February 12, 2025, I served a copy of the attached **Answer to the First Amended Complaint**, on all parties who have appeared via ECF.

                                        By: */s/ Benjamin Solter*