**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Marvel Technology (China) Co., Limited, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:24-cv-5280 |
| v. | ) ) ) ) ) | District Judge: John F. Kness<br><br>Magistrate Judge Maria Valdez |
| The Partnerships and Unincorporated Associations Identified on Schedule "A", | ) ) ) ) ) | |
| Defendants. | ) | |

**REPLY TO DEFENDANT CUCUMBER DESIGN'S OPPOSITION TO PLAINTIFF'S**

**MOTION FOR PRELIMINARY INJUNCTION**

**NOW COMES** Plaintiff, Marvel Technology (China) Co., Limited ("Plaintiff"), by and through its undersigned counsel, submits this reply to Defendants' opposition to its motion for preliminary injunction [Dkt.36-37].

    **I.    INTRODUCTION**

Defendant FASHINN360, TOPS Tech, Shenzhen Vanplex Co., Ltd., Shenzhen Hywinlife Co., Ltd, Shenzhen Rossmine Co., Ltd., Shenzhen WiViTouch Technology Co., Ltd., Shenzhen Fantasy View Technology Co., Ltd., Chengdu Tops Technology Co., Ltd., Shenzhen Furmores Technology Co., Ltd, Shenzhen SeenTok Co, Ltd, Furmores Official Store, HYWINLIFE Official Store, Rossmine Official Store, Evegogo Store, Vanplex Photo Booth Store, Huang-us, Sabeeney, ACHHA TECHNOLOGY INC, FTY360, SX LLC ("Defendants Set A") filed memorandum in opposition to motion for preliminary injunction [Dkt.36] on February 3, 2025,

and Defendant 360 Smart Photo Booth Inc., Huang-us, EIJOFI, XAZIMO ("Defendants Set B") filed memorandum in opposition to motion for preliminary injunction [Dkt.37] on February 4, 2025.

Entered on February 18, 2025, the MINUTE entry before the Honorable John F. Kness said Plaintiff's response to Defendants Set A and Defendants Set B ((hereinafter "Participating Defendants") opposition to its motion for preliminary injunction shall be filed on or before February 18, 2025 [Dkt.47]. Plaintiff filed Motion to extension of time to response on February 18, 2025 [Dkt.48].

## II. PARTICIPATING DEFENDANTS' ARGUMENTS

### A. Plaintiff Cannot Show a Likelihood of Success on the Merits Because Defendants Either Do Not Infringe the Patents, or the Patents are Invalid

#### 1. Prior to Plaintiff's Patents

Plaintiff Marvel Technology (China) Co., Limited, has asserted a design patent U.S. Patent no. D976,993 S ("the '993 Patent") and three utility patents, U.S. Patent nos. 11,719,380 ("the '380 patent"), 11,665,306 ("the '306 patent"), 11,720,000 ("the '000 patent") (the "Asserted Patents"). Among the Asserted Patents the '380 patent has the earliest priority date of April 15, 2022. One of the Participating Defendants, Shenzhen Vanplex Co., Ltd, is the owner of U.S. Design Patent no. D971,989 (the "Vanplex Patent"), which has a priority date of March 25, 2022.

#### 2. Plaintiff's Evidence Fails to Establish Infringement

The burden to show literal infringement is on the Plaintiffs by a preponderance of evidence. For most of the evidence presented by Plaintiff, there is simply no way to determine whether there are grounds for infringement. Most of the "evidence" consists of screenshots of Participating Defendants' stores, but these images do not show the Accused Products in sufficient

detail to make any determination regarding infringement.

### B. Plaintiff Fails to Show Immediate and Irreparable Harm

MARVEL Patents are likely to be declared invalid, and Defendants are marketing products of their own creation - manufactured by Kemeituo. Consequently, Plaintiff's claims regarding the inadequacy of monetary compensation, direct financial losses, market displacement, diminished quality, and loss of market share in its TRO Motion are baseless.

### C. The Balance of Equities Weighs Against a TRO

There is no justification to stop the sales of non-infringing products offered by Defendants. Additionally, the asset restraint currently in place restricted withdrawal of any funds from the Defendants' stores, regardless of whether they are derived from non-infringing sales. By contrast, Plaintiff has not shown that any of the alleged harms it may suffer amounts to anything other than possible lost sales compensable by money damages.

## III. PLAINTIFF'S REPLY

### A. Plaintiff's Patents are Valid

Under the Leahy-Smith America Invents Act ("AIA"), all public disclosures predating the effective filing date of a patent (including from public use or sale of a product) qualify as prior art under 35 U.S.C. § 102(a)(1).8 Additionally, earlier-filed U.S. patent applications that are later published or issued qualify as prior art as of their effective filing date. 35 U.S.C.§§ 102(a)(2), (d). However, the later patent remains valid if it meets the requirements of novelty and non-obviousness, meaning it contains at least one materially distinct feature not disclosed in the prior art and would not have been obvious to a person having ordinary skill in the art at the time of filing. 35 U.S.C.§§ 103.

To determine obvious, the court established the Graham factors for determining: (1) scope

and content of prior art; (2) differences between the prior art and the claims; (3) level of skill in the art; (4) secondary considerations. *Graham v. John Deere Co.*, 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966) In this case, Participating Defendant argued that Vanplex Patent had a priority date of March 25, 2022, which meant prior art, and therefore the Plaintiff's patents were invalid. However, Plaintiff's patents have various difference compared to Vanplex Patent. They are novel and meet the requirement of non-obviousness. See *Exhibit 1*.

### B. Plaintiff Have Evidence to Establish Infringement

Infringement of a design patent, and thus the likelihood of success in proving infringement, is analyzed under the "ordinary observer" test. See *Egyptian Goddess, Inc. v. Swisa*, 543 F.3d 665 (Fed. Cir. 2008). The test, as first enunciated by the Supreme Court in Gorham v. White, states that "[i]f in the eye of the ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other." 81 U.S. 511, 528 (1871). In other words, if the Unauthorized Products so resemble the designs claimed in Plaintiff's Patents such that an ordinary observer would be deceived into buying the Unauthorized Products thinking it is one of the patented designs claimed in Plaintiff's Patents, then the Unauthorized Products infringe Plaintiff's Patents.

Here, Plaintiff makes one by one patent comparison to show Participating Defendants' infringement. *See Exhibit 2*.

### C. Plaintiff Will Suffer Irreparable Harm in the Absence of Preliminary Relief

Irreparable harm to plaintiff must be "not fully compensable or avoidable by the issuance of a final judgment . . . in the plaintiff's favor." *Kraft Foods Grp. Brands LLC v. Cracker Barrel Old Country Store, Inc.*, 735 F.3d 735, 740 (7th Cir. 2013). Harm is irreparable if legal remedies

are inadequate to cure it, meaning "the remedy must be seriously deficient as compared to the harm suffered." *Life Spine, Inc. v. Aegis Spine, Inc.*, 8 F.4th 531, 545 (7th Cir. 2021) (citation omitted). But "the more likely it is the plaintiff will succeed on the merits, the less the balance of irreparable harms need weigh towards its side; the less likely it is the plaintiff will succeed, the more the balance need weigh towards its side." *Kraft Foods Grp.*, 735 F.3d at 740 (quoting Abbott Lab'ys v. Mead Johnson & Co., 971 F.2d 6, 12 (7th Cir.1992)).

In this matter, Participating Defendants infringing sales will lead to price erosion; lost sales; loss of market share; reputational harm, including loss of good will; loss of ongoing sales, such as replacements; and erosion of exclusionary rights embodied in Plaintiff's Patents. While lost sales would not themselves typically be sufficient to render harm irreparable, Plaintiff's concerns regarding price erosion, loss of goodwill, damage to reputation, and loss of current and future sales are grounds for a finding of irreparable harm. See *Aria Diagnostics, Inc. v. Sequenom, Inc.*, 726 F.3d 1296, 1304 (Fed. Cir. 2013); See also *Celsis in Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012); *Life Spine, Inc. v. Aegis Spine, Inc.*, 8 F.4th 531, 546 (citing 11A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2948.1 (3d ed. 2002 & April 2021 Supp. ("Injury to reputation or goodwill is not easily measurable in monetary terms, and so often is viewed as irreparable.")); and *Abbott Lab'ys v. Sandoz, Inc.*, 544 F.3d 1341, 1362 (Fed. Cir. Oct. 21, 2008) (noting likelihood of loss of market position is evidence of irreparable harm).

In addition, without an injunction, Participating Defendants could continue to make infringing sales and regularly empty any domestic financial accounts, such as assets held by the third-party marketplaces, and move those funds outside of Plaintiff's and the Court's reach. Participating Defendants are located in China and sell their infringing products through online

marketplaces, granting it a certain level of anonymity by selling through multiple marketplace accounts. Thus, Plaintiff's ability to collect damages through later legal remedies is bleak, at best. This factor also weighs in favor of injunctive relief. See *Peng v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 21 CV 1344, 2021 WL 4169564, at *3 (N.D. Ill. Sept. 14, 2021) (citing Robert Bosch LLC, 659 F.3d at 1155–56).

### D. The Balancing of Harms Weighs in Plaintiff's Favor

Participating Defendants argue Plaintiff has not shown that any of the alleged harms it may suffer amounts to anything other than possible lost sales compensable by money damages.

However, the huge damages Plaintiff will suffer have been elaborated as above, which is immense and rippling. Plaintiff concede that freezing financial accounts will cause inconvenience to Defendants, but it is much less comparing with Plaintiff's.

### IV. CONCLUSION

In view of the foregoing, Plaintiff respectfully requests that this Court enter the preliminary injunction against all Defendants remaining in this case.

Dated: February 26, 2025

Respectfully submitted,

/s/Zhiwei Hua
1360 Valley Vista Dr, Suite 140,
Diamond Bar CA 91765
Bar No. 6099105
huazhiwei@concordsage.com
Phone: (216)3923236

ATTORNEY FOR PLAINTIFF