UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Marvel Technology (China) Co., Limited, <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A". <br><br> Defendants | Case No.: 1:24-cv-5280 <br><br> Hon. Judge John F. Kness <br><br> Hon. Magis. Judge Maria Valdez |

## COUNTERCLAIMS

1. Counterclaim-Plaintiffs, Huang-us, EIJOFI, XAZIMO, and 360 Smart Photo Booth (collective "Counterclaims-Counterclaim-Plaintiffs" or "Stores", and each a "Store") assert the following counterclaims against Counter-Defendant, Marvel Technology (China) Co., Limited ("Marvel") based on information currently available and reserve the right to assert additional counterclaims as discovery proceeds.

## NATURE OF THE ACTION

2. This counterclaim arises from Counterclaim-Defendant's improper litigation tactics and baseless patent infringement allegations, which have caused significant harm to Counterclaim-Plaintiffs' successful Amazon businesses. Counterclaim-Plaintiffs seek: Declaratory judgments of non-infringement and invalidity of U.S. Patent Nos. 11,719,380 B1 ("the '380 Patent"), 11,720,000 B1 ("the '000 Patent"), D976,993 S ("the '993 Patent"), and 12,042,741 B2 ("the '741 Patent") (collectively, "Patents-in-Suit");

3. Counterclaim-Plaintiffs further seek relief for tortious interference with their contractual relationships and prospective business expectancies due to Counterclaim-Defendant's bad faith actions.

1

## THE PARTIES

4. Counterclaim-Plaintiffs are online sellers operating on Amazon.com, offering photographic camera devices, including 360-degree photo booths, under their respective brand names: Huang-us, EIJOFI, XAZIMO, and 360 Smart Photo Booth.

5. Counterclaim-Plaintiffs sell identical photographic camera devices, including 360-degree photo booths, from the same supplier, through their respective Amazon storefronts. (the "Accused Products")

6. Upon information and belief, Counterclaim-Defendant, Marvel Technology (China) Co., Limited, is a Chinese limited liability company.

7. Upon information and belief, Counterclaim-Defendant can be reached via the email MichaelJonathan1983@outlook.com.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 2201 to declare the rights of any party seeking a declaration, and pursuant to 28 U.S.C. § 1331 and 1338 as this matter concerns patent disputes. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) as the claims at issue are so related to the claims in the action within the court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

9. This Court has personal jurisdiction over Counterclaims-Defendant because Counterclaims-Defendant filed its Complaint in this District and therefore purposefully availed itself of the Court's personal jurisdiction.

10. Venue is proper in this District because Counterclaims-Defendant filed its Complaint in this District and therefore consented to venue in this Court.

**FACTUAL BACKGROUND**

11. Counterclaim-Plaintiffs are sellers of, among other things, photographic camera devices via their respective Amazon storefronts, as identified herein. Counterclaim-Plaintiffs have enjoyed considerable commercial success over time on Amazon.

12. Counterclaim-Plaintiffs all sell identical photographic camera devices under different brand names.

13. Counterclaim-Plaintiffs' supplier, Shenzhen Kemeituo Technology Co., Ltd. ("Kemeituo"), are the owners or licensees of multiple patents, at least including Chinese Utility Patents under No. ZL 2022 2 3206300.4, CN 218630476 U, CN 217879935 U, and CN 217157060 U; Chinese Design Patents under CN 307811824 S, CN 307652448 S, and CN 307587102 S; U.S. Design Patents under US D978,951 S and US D1,008,338 S; and U.S. Utility Patent under US 11,920,729 B1. These patents are implemented in and embody Counterclaim-Plaintiffs' photographic camera device products.

14. Counterclaim-Plaintiffs' Amazon sales are conducted under the Amazon Services Solutions Agreement.

15. Counterclaim-Defendant sealed filed this action on June 25, 2024, alleging that Counter-Plaintiffs infringe U.S. Patent Nos. 11,719,380 B1 ("the '380 Patent"), 11,720,000 B1 ("the '000 Patent"), and D976,993 S ("the '993 Patent") by selling certain 360-degree photo booth products.

16. Subsequently, Counterclaim-Defendant moved for temporary restraining order [Dkt. 7], which was granted on December 2, 2024 [Dkt. 21], with a mere $10,000 bond posted for multiple defendants.

17. On January 12, 2025, Counterclaim-Defendant filed a motion for preliminary injunction [Dkt. 23], which Counterclaim-Plaintiffs opposed on February 4, 2025 [Dkt. 37-38].

3

18. From February 25 to February 27, 2025, Counterclaim-Defendant filed internal complaints with Amazon against Counterclaim-Plaintiffs, alleging infringement of the '741 Patent—a patent not included in the original [Dkt. 1] or Amended Complaint [Dkt. 14]. See **Exhibit A**, Amazon complaints. (the "Amazon Infringement Complaints")

19. The '741 Patent, titled "Photo Booth Having Supporting Stage", pertains to photographic camera devices with a supporting stage. It was filed on November 10, 2023, as a continuation of U.S. Patent Application No. 18/070,599 (filed November 29, 2022, now U.S. Patent No. 11,852,955), claiming priority from Chinese Patent Application No. CN202122947239.8U (filed November 29, 2021). See **Exhibit B**, '741 Patent Registration.

20. Counterclaim-Plaintiffs deny that their products infringe any valid claim of the Patents-in-Suit.

21. Counterclaim-Plaintiffs contend that the Patents-in-Suit are invalid under 35 U.S.C. §§ 102 and 103 due to prior art and/or on-sale activities predating their effective filing dates.

22. As a direct result of the bad faith and false Amazon Infringement Complaints, Counterclaim-Plaintiffs' photographic camera device product listings have been delisted from Amazon, prohibiting Counterclaim-Plaintiffs from selling on Amazon, thereby directly causing harm to Counterclaim-Plaintiffs' current and future business operations.

23. Therefore, an actual and justiciable controversy exists between the Parties concerning the validity of the Patents-in-Suit and whether Counterclaim-Plaintiffs' Accused Products infringe the Patents-in-Suit.

24. Furthermore, an actual and justiciable controversy exists between the Parties as to whether Counterclaim-Defendant tortiously interfered with Counterclaim-Plaintiffs' contractual relationships with Amazon and whether Counterclaim-Defendant tortiously interfered with

Counterclaim-Plaintiffs' prospective business expectancies.

## CLAIM I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT

25. Counterclaim-Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 25 above.

26. An actual controversy exists between Counterclaim-Plaintiffs and Counterclaim-Defendant regarding whether Counterclaim-Plaintiffs' products infringe the Patents-in-suit, and Amazon's removal of Counterclaim-Plaintiffs' listings.

27. Counterclaim-Plaintiffs' products do not infringe any valid claim of the Patents-in-suit, either literally or under the doctrine of equivalents, because they lack one or more claim limitations, as Counterclaim-Plaintiff has not provided a claim construction demonstrating infringement.

28. Counterclaim-Plaintiffs are entitled to a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that they do not infringe any valid claim of the Patents-in-suit.

## CLAIM II: DECLARATORY JUDGMENT OF INVALIDITY

29. Counterclaim-Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 29 above.

30. The Patents-in-suit are invalid for failing to comply with one or more conditions for patentability under 35 U.S.C. §§ 102 and 103.

31. Specifically, the claimed inventions were on sale and publicly available prior to the effective filing dates of the Asserted Patents.

32. The invalidation of Chinese Patent No. 202230229473.4 for lack of novelty and obviousness further supports that the '993 Patent is invalid, as the same design lacks patentable distinction over prior art.

33. The Patents-in-suit are also invalid as obvious over prior art, given the lack of

evidence that they represent a non-obvious advance.

34. Counterclaim-Plaintiffs are entitled to a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that the Patents-in-suit are invalid.

### CLAIM III: TORTIOUS INTERFERENCE WITH CONTRACT

35. Counterclaim-Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 35 above.

36. Counterclaim-Plaintiffs and Amazon have valid and enforceable contractual relationships via the Amazon Services Business Solutions Agreement in which Counterclaim-Plaintiffs were permitted to sell goods on the Amazon marketplace in exchange for fees.

37. Counterclaim-Defendant was aware of Counterclaim-Plaintiffs' contractual agreement with Amazon as they knew Counterclaim-Plaintiffs offered products under the Amazon storefront herein identified.

38. Counterclaim-Defendant intentionally and unjustifiably induced Amazon to breach the agreements with Counterclaim-Plaintiffs by filing bad faith Amazon Infringement Complaints with knowledge that the '741 Patent is not infringed by Counterclaim-Plaintiffs' photographic camera device products.

39. Amazon did in fact breach the agreements with Counterclaim-Plaintiffs as a result, thereby removing Counterclaim-Plaintiffs' products from the Amazon marketplace.

40. Counterclaim-Defendant's actions have caused economic and financial harm to Counterclaim-Plaintiffs in largely unquantifiable amounts.

### CLAIM V: TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS EXPECTANCY

41. Counterclaim-Plaintiffs reallege and incorporate by reference the allegations in

paragraphs 1 through 41 above.

42. Counterclaim-Plaintiffs had a reasonable expectation of entering into valid business relationships with Amazon and with the consuming public via the Amazon storefronts identified herein.

43. Counterclaim-Defendant was fully aware of Counterclaim-Plaintiffs' expectation as they knew Counterclaim-Plaintiffs sold products on the Amazon platform, as shown by his objectively false Amazon Infringement Complaints.

44. Counterclaim-Defendant purposefully interfered with Counterclaim-Plaintiffs' prospective business relationships by filing bad faith Amazon Infringement Complaints with knowledge that '741 Patent is not infringed by Counterclaim-Plaintiffs' photographic camera device products.

45. As a result of Counterclaim-Defendant's false Amazon Infringement Complaints, Amazon removed Counterclaim-Plaintiffs' products from the Amazon marketplace, thereby causing economic and financial harm to Counterclaim-Plaintiffs in largely unquantifiable amounts.

## DEMAND FOR JURY TRIAL

46. Counterclaim-Plaintiffs, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

**WHEREFORE**, Counterclaim-Plaintiffs respectfully request that this Court enter judgment as follows:

A. A declaration that their products do not infringe U.S. Patent Nos. 11,719,380 B1, 11,720,000 B1, D976,993 S, and 12,042,741 B2; and

B.  A declaration that U.S. Patent Nos. 11,719,380 B1, 11,720,000 B1, D976,993 S, and 12,042,741 B2 are invalid; and

C.  A judgment that Counterclaim-Defendant tortiously interfered with Counterclaim-Plaintiffs' contractual relationships with Amazon; and

D.  A judgment that Counterclaim-Defendant tortiously interfered with Counterclaim-Plaintiffs' prospective business expectancies;

E.  An injunction preventing Counterclaim-Defendant from pursuing baseless infringement claims;

F.  Damages, including actual and consequential damages, for tortious interference;

G.  An order directing Counterclaim-Defendant to withdraw its Amazon complaints and reinstate Counterclaim-Plaintiffs' listings;

H.  Attorneys' fees and costs under 35 U.S.C. § 285;

I.  Pre- and post-judgment interest;

J.  Any other relief the Court deems just and proper.

Date: March 21, 2025

Respectfully Submitted,

**J. Zhang and Associates, P.C.**
*Attorney for Counterclaim-Plaintiffs*

/s/ Jiyuan Zhang
_____
By: Jiyuan Zhang, Esq
3712 Prince Street, Ste 9C,
Flushing, NY 11354
Tel: (718) 701 – 5098
contact@jzhanglaws.com
JZ@jzhanglaws.com

8