

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**Marvel Technology (China) Co., Limited,**
Plaintiff,

v.

**Luxury Looks,**
Defendant.

**Case No.:** 1:24-cv-5280

**Judge:** John F. Kness

**DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION TO DISMISS**

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:**

Defendant, **Luxury Looks**, respectfully submits this **Motion for Reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure**, requesting that this Court reconsider its order granting dismissal in **Case No. 1:24-cv-5280** for **lack of personal jurisdiction**. In support, Defendant shows the following:

I. INTRODUCTION

Luxury Looks, a Texas-based Amazon marketplace seller, was improperly subjected to personal jurisdiction in Illinois. The Court erred in granting Plaintiff's Motion to Dismiss based on lack of involvement and failure to state a claim without fully considering that Luxury Looks has no sufficient contacts with Illinois to warrant the exercise of personal jurisdiction.

Defendant seeks reconsideration because the original dismissal failed to address the complete lack of minimum contacts between Luxury Looks and the State of Illinois. The Defendant's business activities are not directed toward Illinois, and no products have ever been sold, shipped, or marketed to Illinois residents.

II. LEGAL STANDARD

A motion for reconsideration under Rule 59(e) may be granted if there is:

1. A manifest error of law or fact;

2. Newly discovered evidence that was not available at the time of the Court's decision;

3. An intervening change in controlling law; or

4. Other circumstances warranting reconsideration.

See Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1269 (7th Cir. 1996).

III. GROUNDS FOR RECONSIDERATION

1. **Lack of Personal Jurisdiction**

Luxury Looks does not have the minimum contacts required to establish personal jurisdiction in Illinois. Under **International Shoe Co. v. Washington**, 326 U.S. 310 (1945), and **Burger King Corp. v. Rudzewicz**, 471 U.S. 462 (1985), a court may exercise personal jurisdiction over a defendant only where the defendant has:

- Purposefully directed activities at residents of the forum state; and

- Established minimum contacts such that maintenance of the suit does not offend "traditional notions of fair play and substantial justice."

Luxury Looks, a Texas-based entity, does not meet this standard. Defendant:

- Operates solely as an Amazon marketplace seller with no targeted or intentional sales to Illinois residents.

- Has **never sold, shipped, or marketed** the allegedly infringing product in Illinois or engaged in any conduct purposefully directed toward Illinois.

- Has no physical presence, employees, or agents in Illinois and has not availed itself of the benefits or protections of Illinois law.

2. **No Purposeful Availment or Connection with Illinois**

Luxury Looks has not purposefully availed itself of conducting business in Illinois. The mere operation of an Amazon store accessible nationwide is insufficient to confer specific jurisdiction in Illinois without a showing of purposeful targeting of Illinois consumers. See **Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.**, 751 F.3d 796, 802 (7th Cir. 2014) (holding that merely operating a nationally accessible website does not subject a defendant to personal jurisdiction in every forum).

3. **No Connection Between Defendant and the Forum**

There is no evidence establishing any relationship between Defendant and Illinois. Plaintiff's allegations do not demonstrate any sale, transaction, or interaction between Luxury Looks and an Illinois resident. Absent such connections, exercising jurisdiction would violate due process.

IV. REQUEST FOR RELIEF

For the foregoing reasons, Defendant Luxury Looks respectfully requests that the Court:

1. Grant this Motion for Reconsideration;

2. Vacate its prior order granting dismissal;

3. Dismiss the claims against Defendant for **lack of personal jurisdiction** pursuant to Rule 12(b)(2); and

4. Grant such other relief as the Court deems just and proper.

V. CONCLUSION

Luxury Looks, as a Texas-based Amazon marketplace seller with no ties to Illinois, was improperly subjected to jurisdiction in this case. The absence of any minimum contacts or purposeful availment mandates reconsideration of the Court's prior ruling. Therefore, Defendant Luxury Looks respectfully requests that this Court grant this Motion for Reconsideration and dismiss the claims for lack of personal jurisdiction.

Respectfully submitted,

Stacey Simins
Luxury Looks
Stacey.Simins@hotmail.com
512-924-4819

CERTIFICATE OF SERVICE

I certify that on March 30, 2025, I caused a true and correct copy of the foregoing Motion for Reconsideration to be served upon Plaintiff's counsel via email in accordance with the Federal Rules of Civil Procedure.

Stacey Simins
March 30, 2025