IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Marvel Technology (China) Co., Limited, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:24-cv-5280 |
| v. | ) ) ) ) ) | District Judge: John F. Kness  Magistrate Judge Maria Valdez |
| The Partnerships and Unincorporated Associations Identified on Schedule "A", | ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S OPPOSITION TO LUXURY LOOKS MOTION FOR RECONSIDERATION**

**NOW COMES** Plaintiff, Marvel Technology (China) Co., Limited ("Plaintiff"), by and through its undersigned counsel, respectfully requests this Court to deny Luxury Looks' ("Defendant") motion for reconsideration.

**I.   INTRODUCTION**

Plaintiff filed Motion for Preliminary Injunction on January 12, 2025 [Dkt. 26]. Defendant filed Motion to Dismiss against it on February 6, 2025 [Dkt.39]. This Court set an in-person motion hearing on March 12, 2025. Defendant did not appear at the hearing. On March 31, 2025, Defendant filed Motion for Reconsideration of order granting motion to dismiss [Dkt. 58]. Plaintiff opposes Defendant's motion for reconsideration, as it lacks any valid grounds. Plaintiff's arguments in opposition are set forth below.

## II. LEGAL STANDARD

A motion for reconsideration "serves a limited function" and generally "must be based on a manifest error of law or fact or on newly discovered evidence." *Uccardi v. Lazer Spot, Inc.*, 390 F. Supp. 3d 911, 913 (N.D. Ill. 2019). They are not vehicles for "rehashing previously rejected arguments," nor are they an opportunity "to advance arguments or theories that could and should have been made before the district court rendered a judgment." *Id.* (citations omitted). Under ordinary circumstances, motions for reconsideration are "disfavored — and for sound institutional reasons." *Vann-Foreman*, 2021 WL 1209154, at * 1 (citing *LAJIM, LLC v. General Electric*, 917 F.3d 933 (7th Cir. 2019)).

## III. ARGUMENT

Defendant fails to provide any valid basis for reconsideration of the Court's order denying the motion to dismiss, entered on March 12, 2025 [Dkt. 55], because Defendant's arguments did not present any intervening change in controlling law, newly available evidence, or clear error of law that would compel reconsideration. *Howard Hess Dental Labs, Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)

### A. Defendant fails to provide any newly available evidence

Defendant fails to present any newly available evidence in support of its motion for reconsideration. Newly available evidence is evidence that existed at the time of trial and which the defendant was aware existed. *State v. Hamilton*, 732 S.W.2d 553, 556 (Mo. App. 1987).

Here, in attempting to support its position, Defendant merely reiterates its prior argument that it never sold, shipped, or marketed the allegedly infringing product in Illinois, nor engaged in any conduct purposefully directed toward the state. However, these assertions are unsupported by any evidence. In contrast, Plaintiff has already submitted evidence demonstrating that Defendant

offered the allegedly infringing product for sale on its Amazon store, which was readily accessible to residents of Illinois. The evidence also showed Defendant could deliver this allegedly infringing product from its Amazon store to residents of Illinois. This evidence establishes Defendant's purposeful availment of, or sufficient connection with, the forum state, thereby supporting the Court's exercise of personal jurisdiction. (*See* Docket 10, Exhibit 9, Page 179 to 182. *Also see* Exhibit 1 of this Motion).

Defendant also failed to provide any evidence in support of its original motion to dismiss. The Court properly denied the motion for the same reasons discussed above.

**B. Defendant fails to show any change in controlling law or clear manifest error**

Defendant's motion contains no reference to any change in controlling law, nor does it identify any manifest error of fact or law that would warrant reconsideration. When alleging a manifest error of law, a defendant must show that the Court "committed clear error or that the initial decision was manifestly unjust." *Kowalski v. Anova Food, LLC*, 958 F. Supp. 2d 1147, 1154 (D. Haw. 2013) (citing *Reliance Ins. Co. v. Doctors Co.*, 299 F. Supp. 2d 1131, 1154 (D. Haw. 2003)

In this case, Defendant argues that the Court lacks personal jurisdiction over it. However, the Court properly exercised personal jurisdiction based on the evidence presented.

A forum state has specific personal jurisdiction over a defendant, "if the suit arises out of or relates to the defendant's contacts with the forum state." *Bolger*, 369 Ill. App. 3d at 952. "Under specific jurisdiction, a nonresident defendant may be subjected to a forum state's jurisdiction based on certain 'single or occasional acts' in the state but only with respect to matters related to those acts." *Russell*, 2013 IL 113909, ¶40. "At a minimum, the court must find an act by which the defendant purposefully avails himself of the privilege of conducting activities within the

forum State, thus invoking the benefits and protections of its laws." *Sackett Enterprises, Inc. v. Staren*, 211 Ill. App. 3d 997, 1004 (1st Dist. 1991).

Here, Defendant, as an Amazon seller, has purposefully directed its activities toward residents of Illinois, including those in this judicial district, by operating an e-commerce store that targets U.S. consumers, offers shipping to Illinois, accepts payment in U.S. dollars, and offers to sell—or has sold—products incorporating Plaintiff's patented designs to Illinois residents. Defendant is committing tortious acts within the United States, including in the State of Illinois and this district, is engaged in interstate commerce, and has caused substantial harm to Plaintiff in Illinois. All of these facts, supported by evidence, prove the Court has personal jurisdiction. These facts, supported by the evidence of record, establish that the Court has personal jurisdiction over Defendant.

### IV. CONCLUSION

Based on the foregoing arguments, Plaintiff has established that Defendant fails to present any intervening change in controlling law, newly available evidence, or clear error of law or fact. Accordingly, Plaintiff respectfully requests that the Court deny Defendant's motion for reconsideration in its entirety.

Dated:  April 18, 2025                      Respectfully submitted,

/s/Zhiwei Hua
1360 Valley Vista Dr, Suite 140,
Diamond Bar CA 91765
Bar No. 6099105
huazhiwei@concordsage.com
Phone: (216)3923236

ATTORNEY FOR PLAINTIFF